UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB PAYNE,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCED COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00157-BAM<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>(Doc. 60) |

Currently before the Court is a motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants County of Merced, Kathleen Crookham, Deidre F. Kelsey, John Pedrozo, and Hubert Walsh Jr. ("Defendants") on May 12, 2023.[1] (Doc. 60.) Plaintiff Jacob Payne ("Plaintiff") opposed the motion on May 27, 2023, and Defendants replied on June 6, 2023. (Docs. 68, 71.) Plaintiff also filed a notice of supplemental authority on September 22, 2023. (Doc. 74.)

Having carefully considered the briefing filed by all parties, and for the reasons detailed below, Defendants' motion to dismiss will be denied.

**I.  Background**

Plaintiff's action arises from his detention for more than eleven years pending trial on the

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. 51.)

issue of whether he was a sexually violent predator ("SVP") under California Welfare and Institutions Code section 6600, et seq. (*See generally* Doc. 58, Second Amended Complaint ("SAC").) According to the operative complaint, in 2007, the Merced County Superior Court detained Plaintiff on a petition alleging he qualified as a SVP. The court appointed Merced County's Alternate Public Defender, Merced Defense Associates ("MDA"),[2] to represent him. (*Id.* at ¶ 2.) Over the next eleven years, Plaintiff's Alternate Public Defender, Mr. William Davis, never visited Plaintiff at Coalinga State Hospital ("CSH") and only represented Plaintiff at two probable cause hearings. (*Id.* at ¶¶ 3-4.) The superior court took two years to issue a ruling on the second probable cause hearing and the matter was continued for eleven years. Even Mr. Davis could not explain why the ruling was delayed for so long, nor could he explain why the matter was continued for eleven years. However, Mr. Davis confirmed that Plaintiff was "persistent about moving his case forward" after initially agreeing to a reasonable time for continuances to find suitable expert witnesses. (*Id.* at ¶ 3.)

In November 2018, after eleven years of continuances, the Alternate Public Defender declared a conflict and the court appointed attorney Doug C. Foster to represent Plaintiff. (*Id.* at ¶ 5.) Mr. Foster set the matter for a speedy trial motion, arguing that the eleven-year delay violated Plaintiff's right to due process. The court denied the motion, but set the matter for trial. (*Id.* at ¶¶ 6, 110.) On February 4, 2020, less than a year-and-a-half after Mr. Foster was appointed, a jury found the petition untrue. (*Id.* at ¶ 7.) Plaintiff was detained for more than thirteen years before he was released from detention after a jury found him not to be a SVP. (*Id.* at ¶ 10.) Plaintiff is only challenging the first 11.5 years of his detention, when he was represented by Mr. Davis. (*Id.* at ¶ 89 n.40.)

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 on February 4, 2022, (Doc. 1), and filed his first amended complaint ("FAC") on April 28, 2022, (Doc. 19.) Defendants moved to dismiss the FAC on multiple grounds, which Plaintiff opposed. (Docs. 25, 37.)

---

[2] Merced Defense Associates is reportedly a joint venture between the Law Offices of Morse & Pfeiff and The Garcia Law Firm, as well as its predecessor in interest to the contract for indigent defense services with the County of Merced, Morse, Pfeiff & Garcia. (SAC at ¶ 3, n. 2.)

Relevant here, on March 22, 2023, this Court granted Defendants' motion to dismiss based on the statute of limitations, but granted Plaintiff leave to amend his complaint to allege facts to establish equitable tolling.[3] (Doc. 57.) Plaintiff filed the SAC on April 21, 2023, which forwards a claim for deliberate indifference in violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against all defendants and a claim for municipal liability against Defendant County of Merced. (Doc. 58.) Defendants now move to dismiss the SAC on the grounds that the statute of limitations for Plaintiff's claims under 42 U.S.C. § 1983 expired in December 2021, and Plaintiff has failed to allege sufficient facts to implicate the doctrine of equitable tolling. (Doc. 60 at pp. 1-2.)

**II.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common

---

[3] The Court partially granted and partially denied Defendants' motion to dismiss as follows: (1) granting the motion to dismiss based on the statute of limitations with leave to amend; (2) denying the motion to dismiss based on absolute legislative immunity; (3) denying the motion to dismiss the *Monell* and deliberate indifference claims against the County of Merced; (4) granting the motion to dismiss Plaintiff's third claim for relief regarding conspiracy with leave to amend; and (5) granting the motion to dismiss Plaintiff's claims for punitive damages against the County of Merced, or the Merced County Board of Supervisors in their official capacities, without leave to amend. (Doc. 57 at p. 23.)

1 sense." *Id.* at 679.

2   In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, the court need not credit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

   In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

### III.  Defendants' Motion to Dismiss

**A. Defendants' Arguments**

Defendants move to dismiss on statute of limitations grounds. Defendants assert that a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the claim. Defendants contend that Plaintiff was aware of the alleged harms on December 4, 2019, when his new attorney, Mr. Foster, filed a motion to dismiss in the state court action alleging a violation of Plaintiff's due process rights. Defendants therefore argue that Plaintiff's claims in this action should have been asserted no later than December 2021, but Plaintiff did not file his complaint until February 4, 2022, well beyond the 2-year statute of limitations. (Doc. 60-1 at p. 5.) Defendants further contend that Plaintiff has failed to allege sufficient facts to implicate the doctrine of equitable tolling.

**B. Plaintiff's Arguments in Opposition**

Plaintiff argues that Defendants have applied that incorrect accrual standard to Plaintiff's claims for purposes of the statute of limitations. Relying on *McDonough v. Smith*, 139 S.Ct. 2149 (2019), Plaintiff maintains that a § 1983 claim based on violation of due process accrues only when a plaintiff has a complete and present cause of action, and can file suit and obtain complete relief. Plaintiff further contends that under *McDonough*, *Wallace v. Kato*, 549 U.S. 385, 387-89

(2007), and *Heck v. Humphrey*, 512 U.S. 477 (1994), he only had a complete cause of action once his unlawful detention ended. Plaintiff thus contends that his claims did not accrue at least until the SVP petition against him was dismissed on February 4, 2020. Plaintiff therefore asserts that he timely filed his complaint on the two-year anniversary of his civil commitment being invalidated by the jury. Plaintiff alternately maintains that even if his claims accrued in December 2019, they are subject to equitable tolling, and the SAC alleges sufficient facts to toll his claims for two months.

### C. Defendants' Reply

Defendants reply that *McDonough* does not create a definitive rule of accrual for § 1983 claims. Defendants attempt to distinguish *McDonough* from the present action as involving a due process claim analogous to the tort of malicious prosecution, not one involving a due process right to a speedy trial. Defendants argue that Plaintiff has conflated accrual of his due process right to a speedy trial with accrual of claims for malicious prosecution. Defendants reiterate that Plaintiff has failed to allege facts sufficient to demonstrate equitable tolling.

## IV. Discussion

### A. Request for Judicial Notice

Defendants ask the Court to take judicial notice of the following court filings related to Plaintiff's state court SVP case: (1) Motion to Dismiss [People v. Litmon (2008) 162 Cal.App.4th 383; People v. Superior Court (Vasquez) (2018) 27 Cal.App.5th 36] filed by Douglas C. Foster, December 4, 2019, Case No. 150049; and (2) a January 16, 2020 Minute Order from the Merced County Superior Court denying Plaintiff's Motion to Dismiss. (Doc. 61; Doc. 62, Exs. 1 and 2 to Declaration of Mark T. Laluan.) These court records are properly subject to judicial notice. *See* Fed. R. Evid. 201(b) (court may take judicial notice of fact that is not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980); *Pierce v. Cantil-Sakauye*, No. C 13-01295 JSW, 2013 WL 4382735, at *3 (N.D. Cal. Aug. 13, 2013), aff'd, 628 F. App'x

1 | 548 (9th Cir. 2016) ("On a motion to dismiss pursuant to either Rule 12(b)(1) or Rule 12(b)(6), the Court may take judicial notice of court records in other cases."). Accordingly, Defendants' request for judicial notice of these records is GRANTED.

### B. Statute of Limitations

For claims brought under § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. *See Wallace,* 549 U.S. at 387-88 (2007); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); *see also Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations for personal injury actions such as § 1983 cases. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (citing *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir.1994)).

In this case, the parties do not dispute the applicable statute of limitations. Rather, they dispute when Plaintiff's due process claim accrued. Defendants contend that a claim accrues when the "plaintiff knows or has reason to know of the injury which is the basis of the claim." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."); *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044 (9th Cir. 2008). Applying this standard, Defendants assert that it is uncontested, and previously accepted by this Court, that Plaintiff was aware of the alleged harms on December 4, 2019, when Mr. Foster filed a motion to dismiss alleging a violation of Plaintiff's due process rights under the Fourteenth Amendment due to delays in bringing his matter to a speedy probable cause hearing. Defendants therefore contend that Plaintiff's claims against them should have been asserted no later than December 2021, but Plaintiff did not file his complaint until February 4, 2022, beyond the 2-year statute of limitations.

(Doc. 60-1 at p. 5.)

In opposition, Plaintiff argues that Defendants have applied the incorrect standard for accrual of his due process claim. Plaintiff asserts that a §1983 claim such as this, based on a violation of due process, accrues only when a plaintiff "has a complete and present cause of action," and "can file suit and obtain complete relief," citing *McDonough*, 139 S.Ct. 2149 (2019).[4]  (Doc. 68 at p. 19.)  In *McDonough*, the Supreme Court confirmed that the time at which a § 1983 action accrues "is a question of federal law" and is presumptively "when the plaintiff has a complete and present cause of action," though the answer is "not always so simple." 139 S.Ct at 2155 (quoting *Wallace*, 549 U.S. at 388).  The *McDonough* court considered when a cause of action accrues for an assumed due process claim "not to be deprived of liberty as a result of the fabrication of evidence by a government officer." *Id.*  The Supreme Court analogized the fabricated-evidence claim to the common-law tort of malicious prosecution, which accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor. *Id.* at 2156.

Following that analogy, the Supreme Court found that McDonough could not bring his fabricated-evidence claim under § 1983 prior to the favorable termination of his prosecution. *Id.* The Supreme Court noted that, as explained by *Heck*, malicious prosecution's favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments, and it likewise avoids allowing collateral attacks on criminal judgments through civil litigation. *Id.* at 2156-57.  The Supreme Court indicated that *Heck* confirmed the strength of its analogy of the fabricated-evidence claim to a malicious prosecution claim and explained *Heck's* holding that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in § 1983 action first had to prove that his conviction had been invalidated in some way. *Id.* at 2157 (internal citations and quotation omitted).  The Supreme Court determined that McDonough's claims challenged the validity of the criminal proceedings

---

[4] Plaintiff did not cite *McDonough* in his opposition to the first Motion to Dismiss, and therefore, the Court did not have occasion to consider this authority.

against him in essentially the same manner as the plaintiff in *Heck* challenged the validity of his conviction. *Id.* at 2158. The Supreme Court therefore concluded that the principles and reasoning of *Heck* pointed toward a corollary result: "There is not 'a complete and present cause of action,' to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing." *Id.* (internal citation omitted). Rather, the Supreme Court stated, it is only when the criminal proceedings have ended in the accused's favor, or a resulting conviction has been invalidated, does the statute of limitations begin to run. *Id.* Accordingly, the Supreme Court held that the statute of limitations for McDonough's § 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceeding against him terminated in his favor. *Id.* at 2161. Applying the Supreme Court's decision in *McDonough*, Plaintiff argues that his § 1983 claims did not accrue at least until the state SVP petition against him was dismissed on February 4, 2020. (Doc. 68 at p. 20.)

Regardless of whether the Court accepts Defendants' argument or Plaintiff's argument concerning accrual of his § 1983 claims under the *McDonough* analogy, the Court finds that the motion to dismiss should be denied and that this action should proceed beyond the pleading stage.[5] Under Defendants' argument, and as Defendants note, the Court previously determined that Plaintiff was aware of his claims no later than December 2019, and that Plaintiff's complaint filed on February 4, 2022, was outside of the two-year statute of limitations period.[6] (Doc. 57 at pp. 9-10.) The Court therefore granted Plaintiff leave to amend to allege equitable tolling. The parties currently disagree as to whether the SAC adequately alleges facts supporting application of the equitable tolling doctrine.

---

[5] The Court acknowledges that its prior ruling on the motion to dismiss, that Plaintiff's complaint filed on February 4, 2022, was outside of the two-year statute of limitations period, may have been incorrect, based on the new authority cited to the Court by Plaintiff. The Court finds it prudent at this juncture to deny the motion and to address the statute of limitations more fully at a later stage.

[6] In the SAC, Plaintiff expressly clarifies that he is only challenging the first 11.5 years of his detention, when he was represented by Mr. Davis. (SAC at ¶ 89, n.40.) In other words, Plaintiff's claims are limited to the time period before Mr. Foster's representation commenced in November 2018. This clarification suggests that Plaintiff's claims may have accrued not only before his SVP trial, but even before Mr. Foster filed the motion to dismiss in December 2019.

For actions under 42 U.S.C. § 1983, courts apply the forum state's law regarding tolling, including equitable tolling. *Jones*, 393 F.3d at 927. The purpose of equitable tolling "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir. 2001) (en banc) (quoting *Addison v. State*, 21 Cal. 3d 313, 316 (1978)) (internal quotation marks omitted). California courts apply equitable tolling "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003), as modified (Aug. 27, 2003)). Under California's test for equitable tolling, a plaintiff must establish "'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (Cal. 2008) (quoting *Addison*, 21 Cal. 3d at 319. "California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith." *Jones,* 393 F.3d at 930.

Timely Notice

Defendants contend that there is not a single fact alleged in the SAC that they were notified during the limitations period of Plaintiff's claims against them and his intent to litigate. Defendants assert that they were unaware of Plaintiff's claims until he filed this action. (Doc. 60-1 at p. 7.)

Plaintiff counters that Defendants' assertion that Plaintiff was on notice of his § 1983 claims when Mr. Foster filed a speedy trial motion on December 4, 2019, applies equally to Defendants, not just Plaintiff. Plaintiff avers that Defendants, including MDA attorney Mr. Davis, were on actual or constructive notice by virtue of Mr. Foster's filing of the speedy trial motion. (Doc. 68 at p. 25.)

In reply, Defendants contend that Plaintiff has failed to offer any legal authority or point to any facts in the SAC that show timely notice, such as communication of an intent to file a claim. (Doc. 71 at p. 4.)

///

Prejudice to Defendants

Defendants assert that Plaintiff's SAC fails to allege any facts that the County Defendants were not prejudiced by the delay in filing his claims. Defendants state that they were not aware of the claims until Plaintiff filed this lawsuit in February 2022. Until that time, they engaged in the normal process of transitions to new software systems and purging documents. Additionally, Defendants posit that Defendants and employees who may be most knowledgeable regarding Plaintiff's claims have now either left employment with the County or their memory of the events in question have faded. (Doc. 60-1 at pp. 7-8.)

In contrast, Plaintiff suggests that "a lack of prejudice may be inferred from the very short amount of time—two months—that passed after Plaintiff purportedly missed the [statutory] deadline." (Doc. 68 at p. 25.)

Good Faith

Defendants assert that the "reasonable and good faith conduct" element encompasses two distinct requirements, such that plaintiff's conduct must be both objectively reasonable and subjectively in good faith. (Doc 60-1 at p. 8.) Defendants contend that the SAC fails to allege conduct that is both objectively reasonable and subjectively in good faith.

As to objective reasonableness, Defendants acknowledge *Jones v. Blanas* and its application of equitable tolling to a continuously confined civil detainee who pursued claims in good faith. Defendants assert that the court in *Jones* reviewed the plaintiff's objectively reasonable efforts to pursue his claims in light of three factors:

> [F]irst, that "[f]or roughly the first half of the period in which Jones was confined awaiting SVPA adjudication, [plaintiff] was held in the general prison population and was thus subject to conditions—and therefore obstacles to litigation—identical to those of a criminal inmate"; second, that his access to a law library was severely curtailed because of his confinement in "T–Sep, an administrative segregation unit where [plaintiff] experienced substantially more restrictive conditions than those prevailing in the Main Jail"; and third, his lack of counsel.

(Doc. 60-1 at pp. 8-9.)

As to these three factors, Defendants first assert that unlike the civil detainee in *Jones*, Plaintiff was not held in jail or prison, but was a patient at CSH. Second, Defendants assert that in contrast to *Jones*, Plaintiff does not allege facts that his access to the library was severely

10

1   curtailed by denial of physical access.  Defendants admit that the SAC alleges certain
2   deficiencies in the law library at CSH, but contend that nowhere in the SAC does Plaintiff allege
3   conditions that arise to the extremes of *Jones*.  Defendants indicate that Plaintiff's own
4   allegations demonstrate that he was aided by a former inmate law clerk to obtain documents
5   related to his due process complaints, and he had the ability to pursue up-to-date legal research
6   through his counsel.  (*Id.* at p. 9, citing SAC at p. 55:5-11.)  Third, Defendants note that
7   throughout his time at CSH, Plaintiff had the benefit of counsel.  (*Id.* at pp. 9-10.)

8       Defendants further argue that the SAC fails to allege conduct that was subjectively in
9   good faith.  Defendants again point out that Plaintiff had the benefit of counsel during his SVP
10  hearing.  Defendants argue that it was not subjectively reasonable to believe that Plaintiff, with
11  the benefit of counsel, would be unable to file a § 1983 action. They also note that Plaintiff
12  approached two law firms after his SVP hearing to advance his § 1983 claims against County
13  Defendants, but neither firm filed a timely complaint.  Defendants further assert that Plaintiff's
14  current counsel sat on filing this action for seven months.  (*Id.* at pp. 10-11, citing SAC at pp.
15  57:10-12; 57-58:24-1.)  Defendants claim that the garden variety of mistakes of counsel in
16  failing to calculate the duration of the status of limitations or timely file the action do not arise to
17  the level of good faith.

18      In opposition, Plaintiff argues that, as in *Jones*, he has alleged actual uninterrupted
19  incarceration, which is the touchstone for applying California's tolling provision for the
20  disability of imprisonment.  (Doc. 68 at p. 24.)  Plaintiff also emphasizes that similar to *Jones*,
21  the SAC alleges that "his access to the law library and to visitors was . . . curtailed" such that
22  throughout his detention he had less "access to lawyers, legal materials, or the tools of
23  discovery." (*Id.*)  Plaintiff contends that the SAC alleges facts showing that he was physically
24  unable to access the approximately seven (7) computers that were available for approximately
25  1500 patients due to a lack of appointments or other reservation system for ensuring patients
26  received access; and that those seven (7) computers were often not working, thereby also
27  preventing physical access to the computers. (*Id.* citing SAC ¶¶ 159-172.)  The SAC further
28  shows that Plaintiff was also unable to access legal materials electronically, by fax, or, on

11

1 lockdown, by mail.  (*Id.* at SAC ¶¶ 166-167.)  Plaintiff further contends that the SAC sets forth the allegations showing the Plaintiff and his counsel's conduct was objectively reasonable.  (*Id.*, citing SAC at ¶¶ 153-83.)

Here, the Court cannot determine the factual issues involved in the three elements of equitable tolling. First, the parties dispute whether the limited facts show that Defendants had timely notice of the claims based on Mr. Foster's filing of the motion to dismiss in the SVP proceedings.  Additional facts may be relevant to assess whether Defendants were on notice of the claims. Second, the Court cannot decide if Defendants have been prejudiced. As Plaintiff points out, there is only a two-month delay at issue here, and Defendants have attempted to raise facts outside the pleadings to demonstrate prejudice, which is not appropriate on a motion to dismiss.  Defendants' argument would be better suited for a possible summary judgment motion where evidence can be submitted. Third, the facts may demonstrate that Plaintiff was acting both subjectively and objectively in good faith.  At a minimum, it is undisputed that Plaintiff was continuously confined at CSH until his SVP trial, with limitations on his ability to access the law library.  It also is evident that following his trial and release, Plaintiff undertook multiple efforts to retain a law firm to pursue his case, despite being released directly from the Merced County Jail, without money or resources, and during a subsequent COVID state of emergency and lockdowns.  Plaintiff ultimately retained his current counsel in August 2021.  (SAC at ¶¶ 176-82.)

There may be, and likely are, additional facts not currently before the Court which influence the three elements of equitable tolling.  Because equitable tolling is a fact-specific question, it must be resolved in a motion for summary judgment. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (a motion for summary judgment is the proper procedure to evaluate the expiration of the statute of limitations when the inquiry turns on disputed facts; the equitable-tolling doctrine generally is not amenable to resolution in a motion to dismiss under Rule 12(b)(6); "[i]n fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) ("Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely

appropriate to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue."); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation."); *Saragoza v. Doe No. 1*, No. 1:23-cv-00355-BAM (PC), 2023 WL 4239228, at *1 (E.D. Cal. June 28, 2023) (Equitable tolling is typically a "fact-intensive" inquiry that "is more appropriately [considered] at the summary judgment or trial stage of litigation.") (quoting *Cervantes*, 5 F.3d at 1276). The Court therefore defers any determination of equitable tolling at the pleading stage and finds that Defendants' motion to dismiss should be denied.

The ruling on this motion does not differ if the Court accepts Plaintiff's argument that Defendants have applied the incorrect standard for accrual of his § 1983 due process claim. Application of *McDonough's* accrual standard requiring favorable termination of the SVP proceedings would render Plaintiff's complaint timely, as it was filed on the two-year anniversary of the jury's determination on the SVP petition. This filing would defeat any argument by Defendants that the statute of limitations bars Plaintiff's § 1983 action and would result in denial of the motion to dismiss.

### V. **Conclusion and Order**

Based on the foregoing, Defendants' motion to dismiss (Doc. 60) is DENIED. Defendants shall file an Answer to Plaintiff's second amended complaint within twenty-one days of the service of this order.

IT IS SO ORDERED.

Dated: **January 11, 2024**                     /s/ *Barbara A. McAuliffe*
                                                                                    UNITED STATES MAGISTRATE JUDGE